UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

_____

**BUILDING TRADES UNITED PENSION TRUST FUND**
**and SCOTT REDMAN (in his capacity as Trustee),**

   **Plaintiffs,**

 v.             Case No. 16-cv-488

**CORNERSTONE CARPENTRY CONTRACTORS, INC.**

   **Defendant.**
_____

## COMPLAINT
_____

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Christopher J. Ahrens, and as and for a cause of action against the Defendant, allege and show to the Court the following:

### Jurisdiction and Venue

1. Jurisdiction of this Court upon Defendant Cornerstone Carpentry Contractors, Inc. (hereinafter referred to as "Cornerstone Carpentry") is founded upon Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §1132) in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA") and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA §502(e)(2) (29 U.S.C. §1132(e)(2)) in that Plaintiff employee benefit plan is administered in Milwaukee County, Wisconsin.

## Parties

3. Plaintiff Building Trades United Pension Fund is an employee benefit plan within the meaning of ERISA §§3(1), (2), (3), and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§1002(1), (2), (3), and (37), 1132 and 1145), and bring this action on behalf of the Trustees, participants and beneficiaries of said Plans. Said Plaintiff maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

4. Plaintiff Scott Redman is a trustee and beneficiary of the Building Trades United Pension Fund, as well as a participant and beneficiary within the meaning of ERISA and as such has standing to be a Plaintiff in this action. Mr. Redman maintains an office at 11175 West Parkland Avenue, Milwaukee, Wisconsin 53224.

5. Defendant Cornerstone Carpentry is a domestic corporation, organized under, engaged in business with principal offices located at 361 Falls Road, Unit 162, Grafton, Wisconsin 53024. Its registered agent for service of process is Bruce Mcilnay, 1971 Washington Street, Suite 201, Grafton, Wisconsin 53024.

## Facts

6. Cornerstone Carpentry is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)).

7. For all times relevant, Cornerstone Carpentry was a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and the Union.

8. The Labor Agreements described herein contain provisions whereby Cornerstone Carpentry agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

9. By execution of said Labor Agreements, Cornerstone Carpentry adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration, and designated as its representatives on the board of trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

10. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, Cornerstone Carpentry has agreed as follows:

   a. to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the aforementioned Labor Agreements;

   b. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

c. to adopt and abide by all of the rules and regulations adopted by the trustees of the Plaintiffs pursuant to the trust agreements;

d. to adopt and abide by all of the actions of the trustees in administering the Plaintiffs in accordance with the trust agreements and the rules so adopted;

e. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

f. to pay, in addition to contributions, liquidated damages and interest, all actual attorney fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

11. Cornerstone Carpentry has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

a. failing to make continuing and prompt payments to the Plaintiffs as required by the Labor Agreements and trust agreements for all of Cornerstone Carpentry's covered employees; and

b. failing to accurately report employee work status to the Plaintiffs.

12. ERISA § 502(g)(2), as amended by the MPPAA provides:

(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce §515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A) the unpaid contributions,

- 4 -

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of --

    (i) interest on the unpaid contributions, or

    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under §6621 of the Internal Revenue Code of 1954.

    13. ERISA § 515 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

    14. Despite demands that Cornerstone Carpentry perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has wholly failed, neglected, omitted, and refused to allow access to the Funds' auditor to determine whether Defendant has made its required payments. Cornerstone Carpentry may be indebted to the Plaintiffs as follows:

- 5 -

<u>Unaudited Period January 1, 2014 to December 31, 2015</u>:

Building Trades United Pension Fund                                              Unknown

15. Despite demand from the Funds' auditor, Cornerstone Carpentry has denied the Funds' auditor access to books and records needed to compile an audit for the period January 1, 2014 to December 31, 2015.

### Claim One Against Defendant Cornerstone Carpentry Contractors, Inc.
### Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

16. As and for a claim for relief against Cornerstone Carpentry, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 15 above and incorporate the same as though fully set forth herein word for word.

17. Repeated demands have been made upon Cornerstone Carpentry for access to its books and records for a compliance audit, but Defendant has refused to make such arrangements as are necessary for such an audit.

18. Because, as the Plaintiffs are informed and believe, Cornerstone Carpentry has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of Plaintiffs' trust funds is reduced, Plaintiffs' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and Plaintiffs' employee benefit plans have been violated, and the Plaintiffs are entitled to all of the remedies provided by ERISA.

19. Because Cornerstone Carpentry has failed to make timely and prompt contributions, some of the Plaintiffs' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and

- 6 -

Case 2:16-cv-00488-JPS   Filed 04/20/16   Page 6 of 8   Document 1

would suffer severe and irreparable harm if Cornerstone Carpentry is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, Plaintiffs demand the following relief:

1. Judgment on behalf of the Plaintiffs and against Cornerstone Carpentry:

    A. For unpaid contributions, interest, and liquidated damages owed to the Plaintiffs for the time period January 1, 2014 to December 31, 2015;

    B. For unpaid contributions, interest and liquidated damages owed to the Funds becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    C. Actual attorney fees and the costs of this action.

2. An order requiring Cornerstone Carpentry to serve on the Plaintiffs' counsel, within ten (10) days of the date of said order, a list of Cornerstone Carpentry's accounts receivable. With respect to each account receivable, Cornerstone Carpentry shall itemize:

    A. The amount of each account receivable.

    B. The period of time during which such receivable accrued.

    C. The location of the premises upon which the work was performed.

    D. The nature of the improvement involved for which the account receivable is due.

- 7 -

Case 2:16-cv-00488-JPS   Filed 04/20/16   Page 7 of 8   Document 1

E. The present outstanding amount of wages and fringe benefits still owed for labor on the improvement (itemized by individual and by month on each project or improvement separately).

3. An order directing Cornerstone Carpentry to fully submit to an audit of the company's books and records by the Funds' designated representative for the period January 1, 2014 to December 31, 2015.

4. That the Court should retain jurisdiction pending compliance with its order.

5. For such other, further, or different relief as the Court deems just and proper.

Dated this 19th day of April, 2016.

s/Christopher J. Ahrens
Christopher J. Ahrens (SBN: 1043237)
The Previant Law Firm, S.C.
310 West Wisconsin Avenue, Suite 100MW
Milwaukee, WI 53203
414-203-0514 (Telephone)
414-271-6308 (Fax)
Email: cja@previant.com

Attorneys for Plaintiffs